86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Celestina ULLOA-LUNA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70917.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1996.*
Decided May 20, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Celestina Ulloa-Luna ("Ulloa-Luna"), a native and citizen of Mexico, petitions for review from the dismissal of the Board of Immigration Appeals ("BIA") of her appeal from the denial of her application for suspension of deportation under 8 U.S.C. § 1254(a)(1). We deny Ulloa-Luna's petition for review.
 
 I.
 
 3
 Ulloa-Luna is a single parent with one child who is a citizen of the United States and three children who are citizens of Mexico. All of her children reside in Mexico under the supervision of her parents. Ulloa-Luna is currently employed in the United States. She testified that she sends approximately $200 a month to her family in Mexico. Ulloa-Luna stated that this money supports nine family members, including her United States citizen child. Ulloa-Luna testified that she would suffer a severe drop in income if she were employed in Mexico and would not be able to continue to support all nine of her family members. Ulloa-Luna also testified that she has close ties with two siblings in the United States.
 
 
 4
 At her deportation hearing, Ulloa-Luna conceded deportability, but applied for suspension of deportation under 8 U.S.C. § 1254(a)(1). Section 1254(a)(1) provides that the Attorney General may suspend deportation if the applicant can demonstrate: (1) continuous physical presence in the United States for at least seven years; (2) good moral character; and (3) that deportation would result in extreme hardship to himself or herself, or to a spouse, parent, or child who is a United States citizen or has been lawfully admitted for permanent residence. 8 U.S.C. § 1254(a)(1).
 
 
 5
 The immigration judge ("IJ") found that Ulloa-Luna failed to demonstrate extreme hardship. The IJ held that absent proof of complete economic deprivation, "economic loss alone does not establish extreme hardship." The IJ found that Ulloa-Luna did not demonstrate that her deportation would cause complete economic deprivation. The IJ further determined that the loss of Ulloa-Luna's relationship with her siblings was offset by Ulloa-Luna's reunion with her parents and children in Mexico. The IJ thus denied Ulloa-Luna's application for suspension of deportation. The BIA affirmed the denial of her application "for the reasons stated" by the IJ. Ulloa-Luna timely petitioned this court for review.
 
 II.
 
 6
 We review an IJ's refusal to suspend deportation for abuse of discretion. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995) ("[w]hen the BIA clearly incorporates the IJ's opinion ... we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion"). We will uphold an IJ's decision so long as he or she "considers all factors relevant to the hardship determination and states its reasons for denying the requested relief." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 7
 Ulloa-Luna contends that the IJ abused her discretion because she failed to consider "the extent and role of [her] family in the United States." We disagree. The IJ expressly considered the fact that Ulloa-Luna had a brother and sister in the United States and that she had "close contact" with the sister. The IJ also considered the fact that Ulloa-Luna's parents, four children, two brothers and a niece lived in Mexico. The IJ did not err in determining that this was a compelling, countervailing factor. See Villena v. INS, 622 F.2d 1352, 1357 (9th Cir.1980) (en banc) (separation from "community" in United States not an extreme hardship where "deportation would have reunited [applicant] with his family").
 
 
 8
 Ulloa-Luna also argues that the IJ abused her discretion by failing "to recognize the fragility of the system that is keeping [her] and the nine people, including a United States citizen child alive." The record does not support this contention. The IJ expressly considered the economic impact of deportation on Ulloa-Luna and her family but determined that it did "not rise to the level of complete economic deprivation needed to demonstrate extreme hardship." The IJ noted that if Ulloa-Luna returned to Mexico, "she and her family would be relegated to the economic circumstances of most Mexican nationals, which while regrettably inferior to the standards in this country, does not constitute conditions of extreme hardship." The IJ did not err in concluding that a diminished standard of living is insufficient to constitute extreme hardship. See Ramirez-Durazo, 794 F.2d at 498 ("[t]he reduced job opportunities and lower standard of living that the petitioner will face upon deportation to Mexico do not rise to the level of 'extreme hardship' ").
 
 III.
 
 9
 Ulloa-Luna also contends that we "must grant her residency forthwith, or in the alternative make an order to the Immigration and Naturalization Service to accept and process an application now." Ulloa-Luna argues that this relief is warranted because "an agency purporting to competency in matters of processing applications for amnesty" allegedly "turned her away, thus foreclosing on her opportunity to apply." Ulloa-Luna did not raise this issue before either the IJ or BIA. We thus lack jurisdiction to consider it. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (appellate court lacks jurisdiction to consider issues not raised before immigration agency).
 
 
 10
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3